## UNITED STATES v. SCHOLL.

*(Circuit Court, D. Washington.  April 7, 1891.)*

PUBLIC LAND—PATENT—CANCELLATION.

Although in a suit to cancel a patent to public land entered as timber land it appears that the land was not in fact unfit for cultivation, and chiefly valuable for its timber, and therefore not subject to entry as timber land, yet if the patent does not show that the government in issuing it relied upon the representation that it was timber land, the title will be protected in the hands of a *bona fide* purchaser.

In Equity.

*P. C. Sullivan*, Asst. U. S. Atty.

*Town & Likens* and *J. P. Cass*, for defendants.

HANFORD, J.  This is a suit brought by direction of the attorney general of the United States to obtain a decree canceling a patent for a tract of land issued in the year 1887 to the defendant, John P. Scholl, who made an entry of it as timber land under the act of June 3, 1878, the entry and proofs being made in the year 1883.  The testimony satisfies me that the land is not in fact chiefly valuable for timber, and for that reason not subject to entry under the provisions of the statute providing for the sale of timber land; and, if the suit were brought against the original entryman or patentee of the government, the relief prayed for should be granted.  Several transfers of the title, however, have been made. The present owners of the land bought it after the patent had issued. They bought it from the apparent owners of a perfect legal title, and there would be no equity, it seems to me, in imposing upon them the entire loss of the property and the purchase money which they have paid for it.  The statute under which the entry was made contains a provision that, if false representations are made in acquiring title, the entryman shall forfeit the money which he pays, and all his right, title, and interest to the land.  It also provides that every conveyance that he makes of the land shall be void, except as against *bona fide* purchasers, recognizing the principle of equity that the purchaser of a legal title for a valuable consideration, without notice of any outstanding equitable claims against the property, is entitled to protection to the extent that equity will not enforce a merely equitable right against his legal title.  The testimony very fully makes out the defense as set up here of a *bona fide* purchase by the present owner.  It is insisted by the attorney for the United States against this claim that the land itself shows that it was not of the character contemplated in the act of congress providing for the sale of timber land, and that a purchaser would be supposed to know from the appearance of the land that the entry was fraudulent, and that the patent was obtained by fraud, and therefore chargeable with notice. But I find that the patent which was issued for this land does not purport to have been issued under the act of June 3, 1878, and it does not show that the government was relying upon any representation that the land was chiefly valuable for timber and unfit for cultivation.  The pat-

ent recites that the land had been purchased and paid for under the act of April 24, 1820,—the general statute of the United States providing for the sale of public land under the direction of the president,—and a person who would examine the patent itself would not be apprised from it that the question of whether the land was agricultural or timber land had anything to do with the title.

For these reasons the defendants are entitled to a decree dismissing the bill.